IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| PHILLIP M. HALL, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:14-cv-00015 |
| v. | ) |
| | ) Judge Sharp |
| WALGREEN COMPANY, | ) |
| Defendant. | ) |

**ANSWER**

Defendant, Walgreen Company, responds to the Complaint as follows:

**Introduction**

1. Defendant admits that Plaintiff has asserted certain claims against Defendant as set forth in the Complaint, but denies the validity of those claims. Defendant denies the remainder of the allegations set forth in Paragraph 1 of the Complaint.

**Jurisdiction**

2. Defendant admits that this Court has jurisdiction over this matter. Defendant denies the remainder of the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC. Defendant further admits that the EEOC issued a Dismissal and Notice of Rights, which is dated November 19, 2013. Defendant further admits that the Complaint in this action appears to have been filed within 90 days of the EEOC's issuance of the Dismissal and Notice of Rights. Defendant denies the remainder of the allegations set forth in Paragraph 3 of the Complaint, including those allegations set forth in subparagraphs (a), (b), and (c).

4. Defendant admits that venue in this Court is proper. Defendant denies the remainder of the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits that this Court is authorized to adjudicate the claims asserted in the Complaint, except as to those claims where Plaintiff has failed to state a claim on which relief may be granted, which claims should be dismissed. Defendant denies that Plaintiff is entitled to any relief and denies that the Court should award Plaintiff any relief. Defendant denies the remainder of the allegations set forth in Paragraph 5 of the Complaint.

**Parties**

6. Upon information and belief, Defendant admits the first sentence of Paragraph 6 of the Complaint. Defendant admits the second sentence of Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in the first sentence of Paragraph 8 of the Complaint. Defendant denies the remainder of the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

**Factual Allegations**

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegation set forth in Paragraph 14 of the Complaint as stated.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint as stated.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in the first sentence of Paragraph 19 of the Complaint. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the Complaint and, therefore, denies such allegations.

20. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and, therefore, denies such allegations.

21. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and, therefore, denies such allegations.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant admits that on or about August 5, 2013, Loss Prevention Manager Doug Teague interviewed Plaintiff, in the presence of Store Manager Jason White. Defendant denies the remainder of the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant admits that on or about August 6, 2013, Plaintiff and Scott Leslie had a telephone conversation. Defendant denies the remainder of the allegations set forth in Paragraph 26 of the Complaint.

### Count I – Title VII – Failure to Accommodate

27. Defendant repeats its responses to the allegations set forth in Paragraphs 1 through 26 of the Complaint as though the same were fully set forth herein.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies that Plaintiff is entitled to any relief in this action.

### Count II – Title VII – Retaliation

30. Defendant repeats its responses to the allegations set forth in Paragraphs 1 through 29 of the Complaint as though the same were fully set forth herein.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies that Plaintiff is entitled to any relief in this action.

### Count III – Title VII – Application of Policy

34. Defendant repeats its responses to the allegations set forth in Paragraphs 1 through 33 of the Complaint as though the same were fully set forth herein.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies that Plaintiff is entitled to any relief in this action.

### Count IV – Tennessee Constitution, Violation of Article I, Section 3

39. Defendant repeats its responses to the allegations set forth in Paragraphs 1 through 38 of the Complaint as though the same were fully set forth herein.

40. Article I, Section 3 of the Tennessee Constitution speaks for itself and Defendant denies any allegations designed to paraphrase or interpret that section.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint and denies that Plaintiff is entitled to any relief in this action.

## Count V – Violation of T.C.A. §39-15-204

42. Defendant repeats its responses to the allegations set forth in Paragraphs 1 through 41 of the Complaint as though the same were fully set forth herein.

43. Defendant denies the allegations set forth in Paragraph 43 as stated.

44. T.C.A. §39-15-204 speaks for itself and Defendant denies any allegations designed to paraphrase or interpret that statute.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies that Plaintiff is entitled to any relief in this action.

## Prayer for Relief

Defendant denies that Plaintiff is entitled to any relief in this action and specifically denies that Plaintiff is entitled to the relief set forth in the "Prayer for Relief" section of the Complaint.

## ADDITIONAL DEFENSES

1. All allegations in the Complaint that are not expressly admitted are herein denied.

2. The Complaint fails to state a claim on which relief may be granted, in whole or in part.

3. With respect to some or all of Plaintiff's claims, Plaintiff has failed to timely and properly exhaust all administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the EEOC.

5. Plaintiff failed to request any reasonable accommodation of his alleged religious beliefs.

6. To the extent Plaintiff requested a reasonable accommodation of his alleged religious beliefs, Defendant provided it.

7. To the extent Defendant did not provide Plaintiff with an accommodation of his alleged religious beliefs, Defendant did not do so because the requested accommodation was not reasonable and/or would have caused Defendant to suffer an undue hardship.

8. Defendant had legitimate, nondiscriminatory, nonretaliatory reasons for the actions it took relating to Plaintiff's employment.

9. If any improper, illegal, discriminatory, or retaliatory act were taken by any employee of Defendant against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

10. Any improper, illegal, discriminatory, or retaliatory actions by any employee of Defendant were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

11. Plaintiff's claims for damages are barred, in whole or in part, by his failure to mitigate damages.

12. Punitive damages are not recoverable for some or all of the claims asserted in the Complaint.

13. Defendant engaged in good faith efforts to comply with Title VII and the applicable law. Moreover, the conduct about which Plaintiff complains, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that

such conduct was not in violation of Title VII, and therefore, Plaintiff fails to state a claim for punitive damages.

14. Defendant did not act in a manner that would support a claim for punitive damages.

15. Plaintiff's damages are barred, in whole or in part, by the doctrine of after-acquired evidence.

16. Plaintiff's damages are barred, in whole or in part, by the doctrine of judicial estoppel.

17. Plaintiff's claims are barred by the doctrine of unclean hands.

18. Defendant reserves the right to assert additional defenses and affirmative defenses as the case proceeds.

WHEREFORE, Defendant respectfully requests that the Court enter an Order dismissing Plaintiff's claims with prejudice, awarding Defendant its attorney's fees and costs incurred in connection with defending this matter, and awarding Defendant such other and further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Elizabeth S. Washko
Elizabeth S. Washko, TN #019931
Jessica T. Patrick, TN #028039
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908

Attorneys for Defendant Walgreen Company

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Jocelyn Floyd, Esq.
Thomas More Society
19 S LaSalle Street, Suite 603
Chicago, IL 60603

Joshua Hershberger, Esq.
Hershberger Law Office
201 E Main Street
Madison, IN 47250

Larry L. Crain, Esq.
Crain, Schuette & Associates
5214 Maryland Way, Suite 402
Brentwood, TN 37027

Peter Breen, Esq.
Thomas More Society
19 S LaSalle Street, Suite 603
Chicago, IL 60603

/s/ Elizabeth S. Washko

17468383.2